IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| **ABBOTT BIOTECHNOLOGY LTD.**<br><br>Plaintiff,<br><br>v.<br><br>**CENTOCOR ORTHO BIOTECH, INC.**<br><br>Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 09-40089-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Centocor Ortho Biotech, Inc. ("Centocor"), by and through its undersigned counsel, hereby answers the First Amended Complaint of Plaintiff, Abbott Biotechnology Ltd. ("Abbott"), in accordance with the numbered paragraphs thereof, as follows:

**NATURE OF ACTION**

1.  Centocor admits that Abbott purports to have brought an action for patent infringement by and against Centocor.

**PARTIES**

2.  Centocor lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3.  Centocor admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a place of business at Ridgeview Drive, Horsham, Pennsylvania. Centocor denies the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Centocor admits that Abbott has alleged this to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271 et seq.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 5 of the Complaint.

6. Centocor admits the allegations of Paragraph 6 of the Complaint.

7. Centocor admits that on April 24, 2009, the FDA approved SIMPONI™ brand golimumab in the United States as a treatment for a number of conditions. Specifically, SIMPONI™ brand golimumab is indicated in the United States in combination with methotrexate for the treatment of adult patients with moderately to severely active rheumatoid arthritis, alone or in combination with methotrexate for the treatment of adult patients with active psoriatic arthritis, and for the treatment of adult patients with active ankylosing spondylitis. Centocor admits that it is manufacturing, using, selling, offering to sell, and importing golimumab. Centocor denies the remaining allegations of Paragraph 7 of the Complaint.

8. Centocor admits that the U.S. Patent 7,223,394 ("the '394 patent") bears a May 29, 2007, issue date, is entitled "Human Antibodies That Bind Human TNFα," and identifies Jochen G. Salfeld and 12 other individuals as purported inventors. Centocor lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. Centocor admits that the U.S. Patent 7,541,031 ("the '031 patent") bears a June 2, 2009, issue date, is entitled "Methods of Treating Rheumatoid Arthritis using Human Antibodies that Bind Human TNFα," identifies Jochen G. Salfeld and 12 other individuals as purported

inventors, and is a continuation application of the '394 patent. Centocor lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Centocor admits that its prescribing information for SIMPONI$^{TM}$ brand golimumab includes the following sentence: "For patients with rheumatoid arthritis (RA), SIMPONI should be given in combination with methotrexate and for patients with psoriatic arthritis (PsA) or ankylosing spondylitis (AS), SIMPONI may be given with or without methotrexate or other non-biologic DMARDs." Centocor denies the remaining allegations of Paragraph 10 of the Complaint.

11. Centocor admits that its prescribing information for SIMPONI$^{TM}$ brand golimumab includes the following sentence: "For patients with rheumatoid arthritis (RA), SIMPONI should be given in combination with methotrexate and for patients with psoriatic arthritis (PsA) or ankylosing spondylitis (AS), SIMPONI may be given with or without methotrexate or other non-biologic DMARDs." Centocor denies the remaining allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT I

### Infringement of the '394 Patent

13. Centocor restates and incorporates by reference its answers to Paragraphs 1-12 as if set forth herein.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT II

### Infringement of the '031 Patent

18. Centocor restates and incorporates by reference its answers to Paragraphs 1-17 as if set forth herein.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 22 of the Complaint.

## ABBOTT'S PRAYER FOR RELIEF

Centocor denies that Abbott is entitled to any relief.

## AFFIRMATIVE DEFENSES

Centocor asserts the following affirmative defenses in opposition to the cause of action and allegations of the Complaint. Centocor reserves the right to add additional affirmative defenses as they are learned through discovery and further investigation.

1. The Complaint fails to state a claim upon which relief may be granted.

2. The '394 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

3. Centocor has not directly or indirectly infringed, and/or will not directly or indirectly infringe, any valid claim of the '394 patent, either literally or under the doctrine of equivalents.

4. Centocor has a license under the '394 patent with respect to Centocor's accused activities recited in the Complaint.

5. Centocor has a right to arbitrate one or more its defenses.

6. Abbott is precluded from asserting the '394 patent against Centocor under the doctrine of equitable estoppel.

7. Centocor has an implied license to the '394 patent.

8. The '031 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

9. Centocor has not directly or indirectly infringed, and/or will not directly or indirectly infringe, any valid claim of the '031 patent, either literally or under the doctrine of equivalents.

10. Centocor has a license under the '031 patent with respect to Centocor's accused activities recited in the Complaint.

11. Centocor has a right to arbitrate one or more of its defenses.

12. Abbott is precluded from asserting the '031 patent against Centocor under the doctrine of equitable estoppel.

13. Centocor has an implied license to the '031 patent.

## COUNTERCLAIMS

Counterclaim Plaintiff Centocor Ortho Biotech, Inc. ("Centocor"), for its counterclaims against Counterclaim Defendant Abbott Biotechnology Ltd. ("Abbott") alleges as follows:

### Parties

1. Centocor is a corporation organized under the laws of the Commonwealth of Pennsylvania with a place of business at Ridgeview Drive, Horsham, Pennsylvania.

2. Abbott alleges that it is a corporation organized under the laws of Bermuda, with a place of business at Clarendon House, 2 Church Street, Hamilton HM11, Bermuda.

## Jurisdiction and Venue

3. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of the claims of the '394 patent and the '031 patent. These counterclaims seek declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

4. To the extent this Court has subject matter jurisdiction over the claims brought by Abbott in this action, it also has subject matter jurisdiction over Centocor's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Title 35 of the United States Code.

5. Abbott has asserted that it owns the '394 patent, that Centocor infringes the patent by virtue of certain activities related to its SIMPONI$^{TM}$ brand golimumab product, and that such infringement is willful.

6. Abbott has asserted that it owns the '031 patent, that Centocor infringes the patent by virtue of certain activities related to its SIMPONI$^{TM}$ brand golimumab product, and that such infringement is willful.

7. To the extent that Abbott has asserted the '394 patent against Centocor in this action, an actual case or controversy exists between the parties.

8. To the extent that Abbott has asserted the '031 patent against Centocor in this action, an actual case or controversy exists between the parties.

## First Counterclaim
### (Non-Infringement of the '394 patent)

9. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

10. Centocor does not infringe any valid and enforceable claim of the '394 patent.

11. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that Centocor does not infringe any valid and enforceable claim of the '394 patent.

### Second Counterclaim
### (Non-Infringement of the '031 patent)

12. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

13. Centocor does not infringe any valid and enforceable claim of the '031 patent.

14. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that Centocor does not infringe any valid and enforceable claim of the `031 patent.

### Third Counterclaim
### (Invalidity of the '394 patent)

15. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

16. One or more claims of the '394 patent are invalid under 35 U.S.C. § 101 et seq.

17. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that one or more of the claims of the '394 patent are invalid.

### Fourth Counterclaim
### (Invalidity of the '031 patent)

18. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

19. One or more claims of the '031 patent are invalid under 35 U.S.C. § 101 et seq.

20. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that one or more of the claims of the '031 patent are invalid.

## CENTOCOR'S PRAYER FOR RELIEF

WHEREFORE, Centocor respectfully requests:

A. That the Court dismiss the Complaint with prejudice and deny each request for relief against Centocor;

B. That the Court enter judgment that Centocor has not infringed, and does not infringe, any claim of the '394 patent, and/or that the patent and each of its claims are invalid;

C. That the Court enter judgment that Centocor has not infringed, and does not infringe, any claim of the '031 patent, and/or that the patent and each of its claims are invalid;

D. That the Court find that this is an exceptional case under 35 U.S.C. § 285 and award Centocor its costs of this action, including its reasonable attorney fees; and

E. That the Court award Centocor such other relief as is just and proper.

Dated: August 27, 2010

CENTOCOR ORTHO BIOTECH, INC.

By its attorneys,

/s/ Dianne B. Elderkin
Dianne B. Elderkin (*pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (*pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (*pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (*pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (*pro hac vice*)
mpearson@akingump.com

Rubén H. Muñoz (*pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
215-965-1200
FAX: 215-965-1210

Heather P. Repicky (BBO# 663347)
NUTTER MCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000


**Attorneys For Defendant**
CENTOCOR ORTHO BIOTECH, INC.

## CERTIFICATE OF SERVICE

      I certify that, on August 27, 2010, this ANSWER AND COUNTERCLAIMS (filed through the ECF system) will be sent electronically to then registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                ___/s/Angela Verrecchio_____
                                                Angela Verrecchio