**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| ABBOTT BIOTECHNOLOGY LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> CENTOCOR ORTHO BIOTECH, INC. <br><br> Defendant. | Civil Action No. 4:09-cv-40089-FDS |

**DEFENDANT CENTOCOR ORTHO BIOTECH, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO ENTER PROTECTIVE ORDER**

Plaintiff Abbott Biotechnology Ltd.'s ("Abbott's") "motion to enter protective order" is nothing more than a motion to compel in disguise. Abbott seeks to compel discovery of Centocor's entire production of confidential information from a separate litigation – regardless of its relevance – through a clause in the parties' proposed Protective Order. But in doing so, Abbott is circumventing the Federal Rules of Civil Procedure, and specifically Rule 26(b)(1), which require Abbott to make a threshold showing of relevance regarding the information that it seeks. The reason Abbott is avoiding Rule 26(b)(1) is simple: Abbott cannot make the requisite showing of relevance as the vast majority of Centocor's confidential information produced in the Stelara case *is wholly irrelevant* to this action. Abbott's back-door attempt at compelling such documents through a Protective Order provision – without a showing of relevance under Rule 26(b)(1) – is entirely improper. Accordingly, Abbott's motion should be denied in its entirety.

**I.     ADDITIONAL BACKGROUND**

Abbott has filed two separate patent infringement lawsuits against Centocor in this Court. In *this* case (the "Simponi case" – so called for the name of the accused Centocor product), Abbott hired Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") to represent it. In the other case, styled *Abbott GmbH & Co., KG et al v. Centocor Ortho Biotech, Inc.*, 4:09-cv-11340-FDS (the "Stelara case"), Abbott hired Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") to represent it.

Simponi and Stelara are two of Centocor's antibody products. Simponi is a human antibody that binds to the TNF alpha antigen and is used for the treatment of rheumatoid arthritis, psoriatic arthritis, and ankylosing spondylitis. Stelara is also a human antibody, but, as compared to Simponi, it binds to a completely different antigen – interleukin 12 (or "IL-12"). Stelara is used to treat psoriasis, a different disease than those that Simponi is approved for. In short, the products are different antibodies, used to treat different diseases, and they followed separate paths through product development.

According to the complaint filed in each case, each product allegedly infringes a different set of patents. Abbott has asserted U.S. Patent Nos. 7,223,394 and 7,541,031 against the Simponi product, and U.S. Patent Nos. 7,504,485 and 6,914,128 against the Stelara product.

Ultimately, it was Abbott's decision to file two separate lawsuits against Centocor and to hire different outside counsel to represent it in each case. But Abbott's decision to do so does not give it the right to now demand that the parties treat two different lawsuits with two different accused products and two different sets of Abbott lawyers as if they are one litigation. This is especially true here, where, as explained in more detail below, Abbott seeks to entirely disregard the Federal Rules of Civil Procedure and force Centocor to produce over a million pages of documents with no showing of relevance by Abbott whatsoever.

2

## II.     ARGUMENT

### A.     Abbott's Motion Erroneously Fails to Consider Relevance – The Basic Standard Governing The Production Of Documents In Any Case

Abbott argues that "the issue here is simply one of fairness" (Abt. Br. at 4).[1] Abbott is dead wrong. The issue here is ***relevance*** and whether or not Centocor's entire document production in the Stelara case is *relevant* to this case. As discussed below, a proper relevance analysis – something entirely missing from Abbott's brief – shows that it is not. Accordingly, Abbott's motion should fail.

The reason Abbott avoids discussing "relevance" in its motion is rather transparent. By attempting to avoid a motion to compel "relevant" documents – and instead erroneously casting its motion as one for "entry of a protective order" – Abbott seeks to shift the burden on this issue to Centocor, when it properly rests with Abbott. Abbott would like to have the Court believe that to successfully oppose its motion for access to documents in the Stelara case (No. 09-11340-FDS, co-pending in this Court), ***Centocor*** must show that significant harm would result (Abt. Br. at 1). But, as the party seeking discovery, ***it is Abbott***, and not Centocor, that bears the burden on showing that Centocor's entire Stelara document production is relevant to this case. *See In re Subpoena to Witzel*, 531 F.3d 113, 118-19 (1st Cir. 2008). As explained more fully below, Abbott cannot meet that burden.

Rule 26(b)(1) governs the scope of discovery and states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to ***any party's claim or defense***. . . . ***For good cause***, the court may order discovery of any matter relevant to the ***subject matter*** involved in the action." Fed. R. Civ. P. 26(b)(1) (2010) (emphasis added). Importantly, this language resulted from an amendment to the Federal Rules of Civil Procedure in 2000. Prior to

---

[1]     Abt. Br. refers to Abbott's brief in support of its Motion for Protective Order (Docket Entry No. 47).

3

2000, parties were entitled to discovery of "any information that was not privileged so long as it was relevant to the '*subject matter* involved in the pending action.'"  Moore's Federal Practice, § 26.41[2][a], p. 26-155 (3d ed. 2010) (internal citations omitted, emphasis added) (hereinafter Moore's) .

The 2000 amendment to Rule 26(b)(1) "narrowed the scope of discovery without court order." *Id*. § 26.41[1], p. 26-154.  As a result, "the burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' *claims and defenses* by seeking court intervention." *Id*. (emphasis added).  According to Moore's, this more highly focused definition of relevance is meant to reflect that the courts "have authority to control discovery by confining it to the *claims and defenses* asserted in the pleadings and they should exercise that authority more vigorously than they have in the past." *Id*. § 26.41[6][c], p. 26-166.

The Court of Appeals for the First Circuit has the same narrow view of amended Rule 26(b)(1). *See Witzel*, 531 F.3d at 118 (affirming denial of motion to compel discovery because plaintiff "ignore[d] the intervening change in Federal Rule of Civil Procedure 26(b)(1)" which distinguishes between discovery "relevant to a party's *claim or defense* and discovery of a broader scope encompassing any matter relevant to the *subject matter* involved in the action.") (internal quotation marks omitted) (emphases added); *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 34 n.10 (1st Cir 2004) ("Rule 26 had once mandated automatic discovery of everything that might help the other side, . . . but this rule was supplanted by a 2000 amendment limiting automatic discovery to material that the possessing party might intend to use to support its claims or defenses").

Rule 26(b)(1), and the case law that has developed since its amendment, are nowhere mentioned in Abbott's brief.  The reason for this is quite simple: by ignoring Rule 26(b)(1) in its

4

entirety, Abbott can erroneously argue that Centocor has the burden of showing that "identifiable, significant harm" would result if Abbott's motion is granted. But Abbott puts the cart before the horse by delving into an analysis of Fed. R. Civ. P. 26(c) – which governs protective orders – without first considering whether the Stelara documents that it seeks to bring in this case are even relevant under Fed. R. Civ. P. 26(b). *See* Moore's § 26.101[1][a], p. 26-499 ("A clear understanding of the role of protective orders and the rules for their enforcement requires close examination of the relationship between protective orders and the scope of discovery under Rule 26(b)."). Abbott's failure to consider the primary inquiry in this dispute – whether the entire Stelara document production is in fact relevant to this case – is fatal to its motion.

> B. **Abbott Has Not and Cannot Meet Its Burden Of Showing that the Stelara Documents are Relevant to the Parties' Claims or Defenses in this Action or Even To Its Subject Matter**

To prevail on its motion, Abbott must show that Centocor's entire Stelara production is relevant to the Simponi case under Rule 26(b)(1). To make such a showing Abbott must either prove that (1) all of the Stelara documents it seeks are relevant to the claims or defenses in the Simponi case or (2) all of the Stelara documents are more broadly relevant to the subject matter of the Simponi litigation and that there is "good cause" for such production. *See generally* Moore's § 26.41[7][c], p. 26-170. Not only has Abbott failed to even attempt to make either of these showings, but, as explained below, it could not do so even if it tried.

The production Abbott seeks is undeniably broad. Abbott is seeking access to every single page of Centocor's document production in the Stelara case. To date, this amounts to nearly 1.3 million pages, and document production has not yet been completed. It is simply not credible to argue that all 1.3 million pages are relevant to the Simponi case. In fact, Abbott does not even suggest that this is remotely the case. Instead, the best that Abbott can argue is that "discovery in the Stelara case could (and likely will) yield relevant information in this case" (Abt.

Br. at 6). But requiring the blanket production of 1.3 million pages with the hope that some "could" – or even "likely will" – yield *some* relevant information does not come close to meeting the standard that is required to compel this production.

Nor is the standard met by Abbott's contention that Centocor must provide 1.3 million documents from an unrelated case because "Abbott's lawyers should have the same access to Stelara Confidential Information that Centocor's lawyers already have" (Abt. Br. at 4). It is not, and has never been, the standard that lawyers must provide their opponents with documents from their co-pending cases so that the opponents can simply "have the same access."[2] Rather, it is a fundamental tenet that production is governed by the Federal Rules of Civil Procedure and, more precisely, limited by relevance.

Abbott also makes a half-hearted argument that "the technology and witnesses are overlapping in the two cases, and allowing counsel the same access will help promote efficiency and consistency in discovery" (Abt. Br. at 6). This argument also fails. In fact, it is rather silly for Abbott to argue that production is warranted because the two cases are "versus the same Centocor defendant," that "both cases involve Abbott's patented antibody technology," or that "both involve accused Centocor human antibody products" (*id.*). Centocor makes antibody products, so to argue that relevance is established based on these reasons is essentially arguing that every document in the company should be provided – even for Centocor antibody products not accused in either of these cases. This, of course, is not correct.

Abbott also attempts to make its case by arguing that 23 of the 33 individuals identified in Centocor's initial disclosure in the Simponi case are also listed in the initial disclosures of the Stelara case (Abt. Br. at pp. 2-3). Abbott conveniently fails to note, however, that ***9 of those 23***

---

[2]   Abbott's motion is especially egregious in that it not only seeks "access" for its outside litigation lawyers at Finnegan, but also seeks access for yet-to-be named Abbott in-house lawyers as well.

*witnesses are Abbott or third party employees* (Declr. at Ex. 6).[3] Thus, there are only a handful of Centocor employees that are identified in the initial disclosures of both cases. Requiring production of 1.3 million pages of documents from an unrelated litigation based on a small overlap in witnesses on a party's initial disclosures certainly finds no support in Rule 26.

That the Simponi and Stelara cases involve different claims and defenses is evidenced by the fact that Abbott has asserted different patents in each case, as well as the fact that it decided to hire different counsel to represent it in each action. If the cases were identical or even similar, and access to the Simponi and Stelara documents was as critical as Abbott would have this Court believe, Abbott would have hired the same lawyers for both cases. It did not do so.

Moreover, by virtue of a motion that Abbott prevailed on in the Stelara case, three of Abbott's outside law firms in two countries *already have access* to the Stelara production. *See Abbott GmbH & Co., KG, and Abbott Bioresearch Center, Inc. v. Centocor Ortho Biotech, Inc.*, No. 4:09-cv-11340-FDS (D. Mass. July 14, 2010), Docket Entry No. 67. Abbott should not be permitted to spread Centocor's confidential information around even further by having two more of its law firms gain access to the Stelara production – especially where, as here, the litigation is simply unrelated to the Stelara product.

In short, Abbott has not argued, and cannot argue in good faith, that Centocor's entire document production from the Stelara case is relevant to the claims or defenses in this action, or even to its subject matter (i.e., anti-TNF antibodies). Thus, Abbott's request for access to all 1.3 million pages of Centocor's Stelara document production should be rejected.

---

[3] Declr. refers to the Declaration of Michael P. Angelini – and the exhibits therewith – submitted in support of Abbott's Motion to Enter Protective Order (Docket Entry No. 48).

### C.   The Case Law Relied On by Abbott is all pre-2000 and Inapposite, in Any Event

As an initial matter, Abbott relies exclusively on cases that predate the 2000 amendment to Rule 26(b)(1). And, as such, any relevance analysis applied in those cases predates the relevance inquiry established by the December 2000 amendment to the Federal Rules of Civil Procedure. Thus, what those courts considered relevant may or may not have been relevant to the degree that Rule 26(b)(1) now requires. But this issue aside, the cases cited by Abbott are also inapposite for other reasons.

In *Baker*[4] and *DeFord*,[5] individual plaintiffs sought discovery materials that were plainly relevant to the claims of other individual plaintiffs who had asserted essentially the same wrong against the same defendant – the sale of cigarettes that caused lung cancer in the case of *Baker* and the sale of an intrauterine device that caused sterility in the case of *DeFord*. Clearly, these types of claims would be common among multiple plaintiffs and the scope of discovery as to defendant's documents would be essentially the same. *See DeFord* 120 F.R.D. at 654 ("Sharing discovery materials may be particularly appropriate where multiple individual plaintiffs assert essentially the same alleged wrong against a national manufacturer of a consumer product.").

*Burlington*[6] and *Pharmachemie*[7] are also distinguishable as evidenced by the fact that in each, the plaintiff sought discovery that was narrowly tailored. In *Burlington*, the discovery sought by the plaintiff was directed to a limited number of video depositions. *Burlington* 115 F.R.D. at 189-90. And in *Pharmachemie*, the information sought by the plaintiff was limited "to a few hundred pages of laboratory notes and an English summary relating to those notes." *Pharmachemie* at *6.

---

[4]   *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 126 (D. Mass. 1990).
[5]   *DeFord v. Schmid Prods. Co.*, 120 F.R.D. 648 (D. Mass. 1987).
[6]   *Burlington City Bd. of Educ. v. U.S. Mineral Prods. Co.*, 115 F.R.D. 188 (M.D.N.C. 1987).
[7]   *Pharmachemie v. Pharmacia, Inc.*, 1998 U.S. Dist. LEXIS 2192 (D. Mass. Jan. 30, 1998).

8

Finally, *Johnson Foils*[8] involved circumstances – unlike the ones presented here – where related companies of the parties were also embroiled in a foreign litigation. *Johnson Foils*, 61 F.R.D. at 409-10. The court allowed the sharing of discovery only after determining that the foreign litigation was closely related in nature and that the discovery was ***relevant*** to the parties' claims or defenses. *Id.* ("Both sides should have meaningful access to this type of information, i.e., where it can be reasonably shown to be 'relevant' to the prosecution or defense of a claim.").

None of the cases that Abbott cites relates to a plaintiff making a sweeping request for discovery without regard to relevance. In fact, all the cases cited by Abbott share a common factual pattern. In each, the plaintiff sought discovery from a defendant that responded by filing a motion for a protective order to preclude or limit discovery. In addition, the discovery sought was either clearly relevant to the case for which it was sought or it was narrowly tailored. Here, in contrast, it was Abbott who drafted the proposed protective order, including a clause that seeks to expand, rather than limit, discovery. And Abbott's discovery requests are neither relevant to either party's claims or defenses, nor narrowly tailored. As already discussed, this highly unusual approach to compel discovery is not contemplated by the Federal Rules of Civil Procedure, and it should be rejected by the Court.

> **D.    The Proper Avenue For Abbott To Seek *Relevant* Stelara Documents Is Through Document Requests**

Abbott's sweeping request to compel production of all Centocor documents produced in the Stelara case is overbroad and inappropriate in light of the 2000 amendment to Rule 26. Abbott has not, and cannot, show that all of these documents are relevant to this action. Accordingly, its motion should be rejected for that reason alone. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied*, 469 U.S. 1165 (1985) (Denial of a motion to

---

[8]    *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405 (N.D.N.Y. 1973).

compel discovery is proper if the evidence sought is irrelevant or a sweeping request for production of documents.).

But the denial of Abbott's motion does not mean that Abbott will not have an opportunity to seek *relevant* documents from the Stelara case from Centocor. The proper route for Abbott to seek and obtain any relevant documents is the same as it would be in any case – proper document requests under Federal Rule of Civil Procedure 34.[9] In fact, Centocor made such a suggestion to Abbott (Declr. at Ex. 4, email from Munoz to Battaglia dated Aug. 5, 2010 at p. 1). Abbott rejected that approach, forcing the Court and Centocor to expend resources addressing this motion – a motion that should be denied.

## III.   CONCLUSION

Abbott asserted different patents against two different products in two different lawsuits, and hired different law firms to represent it in two cases. Abbott has not shown good cause for why Centocor's production of 1.3 million pages of documents in the Stelara case should be produced *in toto* in this action. Abbott's request for access to Centocor's confidential information produced in the Stelara case should be denied.


Dated: September 3, 2010                     CENTOCOR ORTHO BIOTECH, INC.

By its attorneys,

/s/ Dianne B. Elderkin
Dianne B. Elderkin (*pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (*pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (*pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (*pro hac vice*)

---

[9] In addition, the parties can simply agree to make available the deposition transcripts of witnesses deposed in the Stelara case that will also be deposed in this case.

10

averrecchio@akingump.com
Matthew A. Pearson (*pro hac vice*)
mpearson@akingump.com
Rubén H. Muñoz (*pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
215-965-1200
FAX: 215-965-1210

Heather P. Repicky (BBO# 663347)
NUTTER MCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000


**Attorneys For Defendant**
CENTOCOR ORTHO BIOTECH, INC.

**CERTIFICATE OF SERVICE**

  I certify that, on September 3, 2010, this DEFENDANT CENTOCOR ORTHO BIOTECH, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENTER PROTECTIVE ORDER (filed through the ECF system) will be sent electronically to then registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                /s/ Ruben H. Munoz
                Ruben H. Munoz