UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| ABBOTT BIOTECHNOLOGY LTD., <br><br> Plaintiff, <br><br> v. <br><br> CENTOCOR ORTHO BIOTECH INC., <br><br> Defendant. | CIVIL ACTION NO. 09-40089-FDS <br><br> **DEMAND FOR JURY TRIAL** |

### ABBOTT'S REPLY TO CENTOCOR'S COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Plaintiff Abbott Biotechnology Limited ("Abbott" or "Plaintiff"), by its undersigned attorneys, herein replies to the Counterclaims of Defendant Centocor Ortho Biotech Inc. ("Centocor" or "Defendant"). Except as specifically admitted below, Plaintiff denies the allegations of the Counterclaims. Abbott does not believe that a response to Centocor's Affirmative Defenses is required. To the extent any response is required, the averments of Centocor's Affirmative Defenses are denied. Plaintiff's specific responses are as follows:

**PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted that Centocor has recited a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of the claims of the '394 patent and the '031 patent, and that Centocor seeks declaratory relief. To the extent Centocor's allegations in

paragraph 3 purport to assert that the '394 patent and '031 patent are not infringed, invalid, or unenforceable, Abbott denies these allegations.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## FIRST COUNTERCLAIM
### (Non-Infringement of the '394 patent)

9. Abbott admits that Centocor repeats and re-alleges the allegations of the preceding paragraphs set forth in its counterclaims. To the extent Centocor purports to allege anything more in this paragraph, Abbott denies it and responds as set forth with respect to each paragraph above.

10. Denied.

11. Denied.

## SECOND COUNTERCLAIM
### (Non-Infringement of the '031 patent)

12. Abbott admits that Centocor repeats and re-alleges the allegations of the preceding paragraphs set forth in its counterclaims. To the extent Centocor purports to allege anything more in this paragraph, Abbott denies it and responds as set forth with respect to each paragraph above.

13. Denied.

14. Denied.

### THIRD COUNTERCLAIM
### (Invalidity of the '394 patent)

15. Abbott admits that Centocor repeats and re-alleges the allegations of the preceding paragraphs set forth in its counterclaims. To the extent Centocor purports to allege anything more in this paragraph, Abbott denies it and responds as set forth with respect to each paragraph above.

16. Denied.

17. Denied.

### FOURTH COUNTERCLAIM
### (Invalidity of the '031 patent)

18. Abbott admits that Centocor repeats and re-alleges the allegations of the preceding paragraphs set forth in its counterclaims. To the extent Centocor purports to allege anything more in this paragraph, Abbott denies it and responds as set forth with respect to each paragraph above.

19. Denied.

20. Denied.

### CENTOCOR'S PRAYER FOR RELIEF

Abbott denies that Centocor is entitled to any requested relief.

### AFFIRMATIVE DEFENSE

Abbott hereby raises the following affirmative defense against the counterclaims made in Centocor's Counterclaims to Plaintiff's First Amended Complaint.

#### First Affirmative Defense

Abbott asserts that Centocor has failed to state a claim upon which relief can be granted.

WHEREFORE, Plaintiff Abbott respectfully requests the following relief:

(a) a finding that Defendant infringes the '394 Patent and a final judgment incorporating same;

(b) a finding that Defendant infringes the '031 Patent and a final judgment incorporating same;

(c) entry of preliminary and/or permanent equitable relief, including but not limited to an order preliminary and/or permanent injunction that enjoins Defendant and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing infringement of the '394 Patent and the '031 Patent;

(d) an award of damages sufficient to compensate Abbott for infringement of the '394 Patent by Defendant, together with prejudgment and post-judgment interest;

(e) an award of damages sufficient to compensate Abbott for infringement of the '031 Patent by Defendant, together with prejudgment and post-judgment interest;

(f) entry of an order compelling Defendant to compensate Abbott for any ongoing and/or future infringement of the '394 Patent, in an amount and under terms appropriate under the circumstances;

(g) entry of an order compelling Defendant to compensate Abbott for any ongoing and/or future infringement of the '031 Patent, in an amount and under terms appropriate under the circumstances;

(h) a declaration or order finding that Defendant's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

(i) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Abbott its reasonable attorneys fees, costs, and expenses; and

(j) such other relief deemed just and proper.

Dated: September 10, 2010                Respectfully submitted,

  /s/ Michael P. Angelini
Michael P. Angelini (BBO# 019340)
Daniel J. Lyne (BBO #309290)
Douglas T. Radigan (BBO# 657938)
BOWDITCH & DEWEY LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3400
mangelini@bowditch.com
dlyne@bowditch.com
dradigan@bowditch.com

Denise W. DeFranco (BBO# 558859)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
(617) 452-1600
denise.defranco@finnegan.com

Michael A. Morin (*pro hac vice*)
David P. Frazier (*pro hac vice*)
D. Brian Kacedon (*pro hac vice*)
John T. Battaglia (*pro hac vice*)
Casey L. Dwyer (*pro hac vice*)
Daniel A. Nadel (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000
michael.morin@finnegan.com
david.frazier@finnegan.com
brian.kacedon@finnegan.com
john.battaglia@finnegan.com
casey.dwyer@finnegan.com
daniel.nadel@finnegan.com

**Attorneys for Plaintiff**
**ABBOTT BIOTECHNOLOGY, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed though the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 10, 2010.

      /s/ Michael P. Angelini
      Michael P. Angelini