UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ABBOTT BIOTECHNOLOGY LTD. and    )
ABBOTT LABORATORIES,                  )
                                            )
      Plaintiffs,                       )     Civil No.
                                            )     09-40089DS
      v.                                 )
                                            )
CENTOCOR ORTHO BIOTECH, INC.,     )
                                            )
      Defendant,                      )
_____)

ORDER ON MOTION OF PLAINTIFF
ABBOTT BIOTECHNOLOGY LIMITED TO ENTER PROTECTIVE ORDER

SAYLOR, J.

      Plaintiff Abbott Biotechnology Ltd. has moved for entry of a protective order that would,
in substance, permit counsel for Abbott in this case to obtain access to materials produced by
defendant Centocor Ortho Biotech, Inc. to Abbott in another patent matter pending in this Court,
*Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, Civil Action No. 09-11340-FDS.[1]

      After consideration of the memoranda and attachments submitted by the parties, the Court
concludes that it would likely prevent unnecessary duplication of effort and wasteful expenditure
of resources to allow the requested disclosure.  Although the patents, factual issues, and scientific
issues in the two cases are not identical, they appear to overlap in certain respects, such that the
disclosure would assist in the speedy and just resolution of this case.  This motion also presents a
somewhat unusual circumstance, in that the documents at issue have already been produced to
Abbott and one set of its counsel; Abbott seeks to expand the permitted disclosure to a different

---

[1] The fact that the two Abbott entities are not identical does not change the analysis, as they are related
entities within the same corporate framework.

set of counsel litigating similar issues.  No Centocor documents would be produced beyond those that are already in Abbott's possession.  The burden on Centocor is therefore relatively minimal, and no additional out-of-pocket cost will be imposed on Centocor as a result of the additional disclosure.

Abbott has framed the request as a motion in this case (09-40089) seeking an order permitting its counsel in this case to obtain access to materials produced in the other case (09-11340).  The documents, however, are subject to a protective order in the 09-11340 case.  It therefore appears to the Court that the appropriate approach would be to modify the protective order issued in the 09-11340 case to permit disclosure of materials produced in that litigation to counsel in this litigation.  Whether a protective order should be issued in this case concerning the same documents is unclear, and the Court will defer deciding the issue at the present time.

The Court notes that this decision does not change the scope of any party's discovery obligations.  The disclosure of materials produced in the 09-11340 case to Abbott's counsel in this case does not expand the discovery obligations of Centocor in the 09-11340 case, or narrow Centocor's obligations in this case.  Furthermore, the Court is making no ruling as to the relevance or admissibility of any document so produced.

The Court accordingly will order as follows:

1.      Under appropriate motion filed in the 09-11340 case, the Court will modify the protective order in that case to permit Abbott to disclose materials produced in that case to counsel representing Abbott in this case (09-40089).  Any documents so disclosed will be subject to the protections and safeguards of the protective order, and may only be used for legitimate litigation purposes in connection with

this case.

2.      Counsel for both parties shall confer in order to attempt to formulate a proposed

supplemental or amended protective order in the 09-11340 case that will

accommodate the ruling of the Court.  If counsel are able to agree, they shall

submit a proposed protective order in the 09-11340 case on or before November

15, 2010.  If they are not able to agree, counsel shall submit any separate proposed

protective orders on or before that date.

3.      At this point, no protective order is in place in this case (09-40089), although it

appears that the only disagreement between the parties as to the entry of such an

order concerns the present dispute. Counsel for both parties shall also confer in

order to attempt to formulate a proposed protective order in this case, including, if

appropriate, provisions that will accommodate the ruling of the Court.  If counsel

are able to agree, they shall submit a proposed protective order in the 09-40089

case on or before November 15, 2010.  If they are not able to agree, counsel shall

submit any separate proposed protective orders on or before that date.

4.      The participation by Centocor in the process described above will not be deemed

to be a waiver of any objection it may have to the Court's ruling.

5.      The pending Motion to Enter Protective Order (Docket # 47) is DENIED without

prejudice to its renewal as indicated above.

**So Ordered.**

                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
Dated:  October 29, 2010                United States District Judge