UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ABBOTT BIOTECHNOLOGY LTD. and ABBVIE INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 09-40089-FDS |
| v. | ) ) ) | |
| CENTOCOR ORTHO BIOTECH, INC., | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER ON
# MOTION TO BIFURCATE

**SAYLOR, J.**

This is a patent dispute involving pharmaceutical products used to treat certain autoimmune diseases. Plaintiffs Abbott Biotechnology Ltd. and AbbVie Inc. (collectively "Abbott") seek a judgment that the drug Simponi, manufactured by defendant Centocor Ortho Biotech, Inc., infringes its patents to the extent that it is used with the drug methotrexate to treat rheumatoid arthritis.[1] Centocor seeks declarations of non-infringement and invalidity of Abbott's patents.

Centocor has moved to separate the issue of willfulness from the larger infringement dispute by bifurcation of the upcoming trial between the parties.[2] For the reasons set forth

---

[1] During the pendency of this litigation, Abbott Laboratories changed its name to AbbVie Inc. Accordingly, the case caption has been altered.

[2] Centocor has also renewed an earlier motion for summary judgment on the issue of willfulness. The Court recognizes that disposing of the summary judgment motion could moot the motion for bifurcation. However, because the bifurcation issue implicates trial scheduling and requires a briefer analysis, the Court will address it first.

below, the motion to bifurcate will be denied.

I. **Background**

Abbott initiated this action against Centocor in May 2009. In April 2014, the Court denied Centocor's motions for summary judgment. Centocor filed a renewed motion for summary judgment on the issue of willful infringement in August 2014, moving in the alternative for bifurcation of trial on that issue. The Court heard argument on these and other motions on October 16, 2014.

II. **Discussion**

Pursuant to Fed. R. Civ. P. 42(b), the question of bifurcation is wholly within this Court's discretion. *See Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 503 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). Separation is "not to be routinely ordered." *Id.* (citing Advisory Committee Note to the 1966 amendment of Rule 42(b)).

Defendant contends that bifurcation is necessary to avoid jury confusion and waste of time, principally because a willfulness inquiry raises questions of defendant's subjective intent that are not otherwise relevant. Absent bifurcation, jurors will be asked to separate their assessment of defendant's subjective intent from their determination of the remaining issues in the case. But this challenge is not unique to this case: it confronts *every* jury in *every* patent case with a willful infringement claim. Yet bifurcation, even in patent cases, is the exception and not the rule. *SenoRX, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568 (2013).[3] Centocor has

---

[3] One study found that less than five percent of jury trials in patent cases between September 2004 and July 2010 were bifurcated. Christopher B. Seaman, *Willful Patent Infringement and Enhanced Damages After In Re Seagate: An Empirical Study*, 97 Iowa L. Rev. 417, 463 (2012).

not demonstrated that the particular circumstances of this case trigger that exception.

In at least one important respect, bifurcation is even less warranted in this case than in the typical willful infringement context. Many patent defendants are faced with a difficult choice in determining how to defend against a claim of willfulness: whether to utilize an advice-of-counsel defense, thereby waiving the attorney-client privilege as to that communication, or to instead forgo the defense in order to preserve the privilege. This is the so-called *Quantum* dilemma. *See Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991). A defendant facing this dilemma has a stronger argument for bifurcation, as a bifurcated trial would better protect its privilege rights (since waiver would not become necessary unless and until the defendant is found liable). But Centocor is not facing this dilemma—it has already asserted its advice-of-counsel defense and waived the attorney-client privilege.

Furthermore, bifurcation can result in undue prejudice to the plaintiff. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) ("Bifurcation would result in prejudice to plaintiff, who, along with facing a substantial delay in final determination of the action, would be forced to present the same evidence in two separate trials."). If nothing else, the arguments on waste of jury time can go in both directions—presenting all of the evidence once, during one trial, is arguably more efficient than separating out one issue on the possibility that it may not require resolution. Absent a more compelling need for bifurcation in this case, these dueling considerations merit denying the motion.

### III. Conclusion

For the foregoing reasons, the motion of defendant Centocor Ortho Biotech, Inc., to bifurcate the trial is DENIED.

**So Ordered.**

Dated: October 27, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge